United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS ARROYO,<br><br>    Plaintiff,<br><br>    v.<br><br>J.R. SIMPLOT COMPANY,<br><br>    Defendant. | Case No. 18-CV-07187-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 14 |

Plaintiff Luis Arroyo ("Plaintiff") brings a putative class action against his former employer, Defendant J.R. Simplot Co. ("Defendant"), for violations of federal and California credit reporting statutes and for wage and hour violations. Before the Court is Plaintiff's motion to remand. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.

# I. BACKGROUND

## A. Factual Background

Defendant is a Nevada corporation doing business in California. ECF No. 1-1 ("Compl.") Plaintiff was an hourly employee of Defendant's from July 2014 through October 6, 2017. *Id.* at ¶ 22.

Plaintiff alleges that when Defendant hired Plaintiff, Defendant conditioned Plaintiff's hiring on completion of a background check, and that Defendant "did not provide legally compliant disclosure and authorization forms to Plaintiff and the putative class as they contained extraneous and superfluous language." *Id.* at ¶¶ 23–24.

In addition, Plaintiff alleges that Defendant did not provide Plaintiff or other employees compliant meal periods or rest periods. *Id.* at ¶¶ 25–31. Plaintiff also alleges that although "Plaintiff and the putative class regularly worked in excess of 8 hours in a workday and/or forty hour hours [sic] in a workweek," Defendant did not properly record all of Plaintiff and other employees' overtime hours. *Id.* at ¶¶ 32–36. Finally, Plaintiff alleges that Defendant did not provide accurate wage statements to Plaintiff and other employees. *Id.* at ¶¶ 37–41.

**B. Procedural History**

On October 4, 2018, Plaintiff filed a putative class action complaint in California Superior Court for the County of Santa Clara. *See* Compl. at 1. Plaintiff's complaint alleges ten causes of action. Plaintiff's first two causes of action arise under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq*. *Id.* at ¶¶ 42–75. Plaintiff's remaining eight causes of action all arise under state law. *Id.* at ¶¶ 76–194. Plaintiff seeks to represent five different classes of current, former, and prospective applicants for employment with Defendant. *Id.* at ¶ 14.

In Plaintiff's first FCRA cause of action, Plaintiff alleges that Defendant violated 15 U.S.C. § 1681b(b)(2)(A), which requires an employer to provide a "clear and conspicuous disclosure" to a prospective employee before procuring a consumer credit report during the hiring process. *Id.* at ¶¶ 42-63. Specifically, Plaintiff alleges that Defendant's disclosures to Plaintiff and other employees violated the FCRA because the disclosures "are embedded with extraneous information and are not clear and unambiguous disclosures in stand-alone documents." *Id.* at ¶ 51. Plaintiff alleges that due to "Defendants' [sic] unlawful procurement of credit and background reports by way of their inadequate disclosures . . . Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded." *Id.* at ¶ 61. Plaintiff seeks "statutory damages and/or actual damages," among other relief, for Defendant's

alleged violation of the FCRA's disclosure requirement. *Id.* at ¶ 62.

In Plaintiff's second FCRA cause of action, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1681d(a)(1) and 1681g(c), which require an employer procuring a consumer investigative report on a consumer to provide that consumer a written summary of the consumer's rights under the FCRA. *Id.* at ¶¶ 64–75. Among those rights are the "right of a consumer to obtain a copy of a consumer report . . . from each consumer reporting agency." 15 U.S.C. § 1681g(c)(1)(B). Plaintiff alleges that Defendant did not comply with those FCRA disclosure requirements because, for example, Defendant's "disclosures did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency." Compl. at ¶ 70.

On November 28, 2018, Defendant removed the case to federal court on the grounds of federal question jurisdiction. ECF No. 1. Specifically, Defendant stated in its notice of removal that the Court has federal question jurisdiction over Plaintiff's FCRA claims, which "arise[] under the laws of the United States." *Id.* at 3. In addition, Defendant stated that the Court may exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.*

On February 14, 2019, Plaintiff filed a motion to remand. ECF No. 14 ("Mot."). Plaintiff also filed a concurrent request for judicial notice. ECF No. 14-1. The Court denies as moot Plaintiff's request for judicial notice, as the Court's order does not rely on the documents attached to Plaintiff's request for judicial notice. On March 7, 2019, Defendant filed its opposition, ECF No. 21 ("Opp."), and on March 21, 2019, Plaintiff filed his reply. ECF No. 22 ("Reply").

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial*

3
Case No. 18-CV-07187-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

*Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

The instant motion to remand presents a single question: whether the Court has subject matter jurisdiction over Plaintiff's FCRA claims. Plaintiff argues that the Court must remand the case to state court because Plaintiff lacks Article III standing to assert his FCRA claims. Mot. at 2. For the reasons stated below, the Court agrees.

The Ninth Circuit has held that in FCRA cases, a plaintiff has standing only if the plaintiff alleges more than a procedural violation of the FCRA. A plaintiff "may not show an injury-in-fact merely by pointing to a statutory cause of action." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). Rather, a plaintiff must allege how "the specific procedural violations alleged in this case actually harm, or present a material risk of harm" to the interests protected by the FCRA. *Id.* For example, in *Robins*, the Ninth Circuit held that the "dissemination of false information in consumer reports" is a concrete harm protected by the FCRA. *Id.* at 1114. However, the Ninth Circuit acknowledged that in many instances, "a reporting agency's failure to follow certain FCRA requirements may not result in the creation or dissemination of an inaccurate consumer report." *Id.* at 1115–16.

The Ninth Circuit has also addressed the interests protected by the specific FCRA disclosure requirements at issue in this case. *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017). In *Syed*, the Ninth Circuit stated that the FCRA's disclosure requirements "create[] a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check." *Id.* at 499. The plaintiff in *Syed* alleged such an injury because the plaintiff alleged that he "was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required by the statute." *Id.* at

4

499–500; *see also Mitchell v. WinCo Foods, LLC*, 743 F. App'x 889, 889 (9th Cir. 2018) (holding that under *Syed*, a plaintiff must "allege facts sufficient to support an inference of confusion" to establish standing based on a defendant's FCRA disclosure violation).

By contrast, Plaintiff has made no such allegations of confusion or that Defendant disseminated inaccurate information about Plaintiff. Instead, Plaintiff has conclusorily alleged only that due to Defendant's violation of the FCRA's disclosure requirements, "Plaintiff and other class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA." Compl. at ¶ 61. Plaintiff's allegations are precisely those that *Robins* held were insufficient: "[Plaintiff] may not show an injury-in-fact merely by pointing to a statutory cause of action." 867 F.3d at 1113.

Other district courts have reached similar conclusions about nearly identical pleadings in FCRA cases. For example, in *Williams v. Nichols Demos, Inc.*, 2018 WL 3046507 (N.D. Cal. Jun. 20, 2018), the plaintiff alleged that as a result of the defendant's violation of the FCRA's disclosure requirements, "[the plaintiff] and class members 'have allegedly been injured, including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.'" *Id.* at *2 (citing the plaintiff's complaint). That language mirrors the language in Plaintiff's complaint. *Cf.* Compl. at ¶ 61 ("Plaintiff and other class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA."). In *Williams*, the plaintiff did "not allege that she was 'confused' by the disclosure or that she would not have signed the authorization had it been presented separately from the waiver," nor did the plaintiff allege that the consumer report was inaccurate. 2018 WL 3046507, at *5. Thus, absent any concrete harm like that identified in *Robins* or *Syed*, the *Williams* court concluded that the plaintiff lacked standing.

The same analysis applies here. Defendant is unable to point to any decision in which a court held that conclusory allegations of harm to "privacy and statutory rights" resulting from a failure to comply with the FCRA's disclosure requirements suffice to allege Article III standing. Instead, Defendant argues only that the FCRA cases Plaintiff cites all "involve a defendant

5

1  seeking dismissal for lack of a concrete injury," rather than, as here, a plaintiff seeking remand

2  based on lack of standing. Opp. at 4. However, Defendant's argument is contradicted by a case

3  that Defendant itself cites.

4  Specifically, in *Bercut v. Michaels Stores, Inc.*, 2017 WL 2807515 (N.D. Cal. Jun. 29,

5  2017), the plaintiff moved for remand on the grounds that the plaintiff's complaint did not allege

6  any injury-in-fact based on the defendant's alleged FCRA violations. *Id.* at *4. As here, the

7  plaintiff did not "allege that she was confused or otherwise concretely harmed by the stand-alone

8  disclosure violation," and the *Bercut* court thus granted the plaintiff's motion to remand. *Id.* at *5;

9  *see also Larroque v. First Advantage LNS Screening Sols., Inc.*, 2016 WL 4577257, at *4 (N.D.

10 Cal. Sept. 2, 2016) (remanding because "[the plaintiff's] complaint contain[ed] no allegations of

11 any type of actual harm" based on defendant's alleged FCRA violations). Accordingly, it is well

12 established that Plaintiff's mere allegation of a statutory violation of the FCRA is insufficient to

13 establish Article III standing. Defendant identifies no allegations of actual harm in Plaintiff's

14 complaint.

15 Therefore, consistent with Plaintiff's own concession, Plaintiff lacks standing to bring his

16 FCRA causes of action in federal court. Defendant removed this case solely on the basis of

17 federal question jurisdiction arising from Plaintiff's FCRA causes of action, and does not contend

18 that the Court otherwise may exercise subject matter jurisdiction over Plaintiff's complaint. When

19 the Court determines that it lacks subject matter jurisdiction over an action that has been removed

20 to federal court, the Court must remand the case to state court. *Polo v. Innoventions Int'l LLC*,

21 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal

22 subject-matter jurisdiction means only that the federal courts have no power to adjudicate the

23 matter. State courts are not bound by the constraints of Article III."). Thus, the Court must

24 remand Plaintiff's complaint to state court.

25 **IV. CONCLUSION**

26 For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and

27 REMANDS the instant case to California Superior Court for the County of Santa Clara. The

6

Case No. 18-CV-07187-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 3, 2019

_____
LUCY H. KOH
United States District Judge